IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. CR 11-0192 JB

ISIDRO MACEDA- SOLANO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Sentencing Memorandum Submitted on Behalf of Defendant Isidro Maceda-Solano, filed April 14, 2011 (Doc. 15). The Court held an sentencing hearing on May 6, 2011. The primary issue is whether the Court should vary from the advisory guideline range and sentence Defendant Isidro Maceda-Solano to a sentence of 21 months imprisonment. Because the Court is concerned about Maceda-Solano's criminal history, the Court will deny his request for a variance and will sentence him to a sentence at the low end of the guideline range -- 30 months.

## PROCEDURAL BACKGROUND

On December 23, 2010, a Complaint was filed against Maceda-Solano, which alleged that he violated 8 U.S.C. § 1326(a)(1), (b)(2) -- reentry of a removed alien. See Doc. 1. On January 31, 2011, Maceda-Solano entered into a Non-Standard Fast Track Plea Agreement, in which he pled guilty to a violation of 8 U.S.C. § 1326(a) and (b). See Doc. 12.

On March 17, 2011, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR"). The PSR calculates Maceda-Solano's adjusted offense level as 16

and his total offense level after a 3-level reduction for acceptance of responsibility as 13. The PSR calculates his criminal history category as VI. An offense level of 13 and a criminal history category of VI establishes a guideline imprisonment range of 33 to 41 months.

On April 14, 2011, Maceda-Solano filed the Sentencing Memorandum Submitted on Behalf of Defendant Isidro Maceda-Solano. See Doc. 15. Maceda-Solano argues that the factors that 18 U.S.C. § 3553(a) sets forth counsel the Court to downwardly vary and impose a sentence of 21 months.

On April 20, 2011, Plaintiff United States of America filed the United States' Response to Defendant's Sentencing Memorandum Filed April 14, 2011 (Doc. 15). See Doc. 16. The United States opposed Maceda-Solano's request. It argues that a sentence below the advisory guideline range is not warranted based on the factors that 18 U.S.C. § 3553(a) sets forth. It asks the Court to conclude that a sentence within the advisory guideline range would constitute an appropriate sentence and that no departures or variances are warranted.

## ANALYSIS

The Court has carefully considered the PSR's factual findings. There not being any objections to those, the Court will adopt those as its own. The Court has also considered the sentencing guideline applications. There not being any dispute about those, the Court will adopt those as its own as well. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). Before any downward departure, the offense level is 13 and the criminal history category is VI, establishing a guideline imprisonment range of 33 to 41 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which stipulates to an offense level of 12, as the Court is satisfied the agreed-offense level departs for justifiable reasons. The plea agreement is pursuant to a nonstandard fast track plea agreement. In

Section 401(m)(2)(B) of the PROTECT Act, Congress approved early disposition or fast-track programs if certain conditions are met. The Court believes that these conditions are met in this case, and this departure is at the bottom of the range of departures that Congress allowed. The Court's sentence will be consistent with the plea agreement.

     An offense level of 12 and a criminal history category of VI establish a guideline imprisonment range of 30 to 37 months. The Court notes Maceda-Solano illegally reentered the United States after having been deported to Mexico subsequent to a felony conviction. The Court has carefully considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court has carefully considered the case before it. The Court is disturbed by the quantity of Maceda-Solano's criminal history, as well as the nature of some of the crimes. Maceda-Solano has convictions for unlawful entry into a motor vehicle, giving false information to a police officer for a citation, possession of less than 1 ounce of marijuana, failure to appear, auto theft, illegal entry, possession of a schedule II controlled substance -- methamphetamine, resisting arrest, eluding inspection and examination by immigration officers, and alien in the United States after deportation. He has also been arrested for burglary, petty theft, attempted theft, possession of methamphetamine, theft, unauthorized use of a motor vehicle, assault in the fourth degree, disorderly conduct, obstruction of a police officer, and giving false information to a police officer. While the Court will not sentence at the high end of the guideline range, it does not believe that a downward variance is appropriate in this case. Maceda-Solano has an extensive criminal history, and he has had a number of arrests and convictions for coming back in the country. The concerns that Maceda-Solano raises in his sentencing memorandum relate to concerns about

the fairness of the United States' immigration laws. Maceda-Solano does not raise concerns that he is different from others who violate the United States' immigration laws. While the United States immigration laws could be improved, the Court does not have such a fundamental disagreement with the laws that the political branches have passed and we employ, or with the way the United States Sentencing Commission has done its work the immigration laws, that it should vary on that basis rather than on some factor unique to the defendant or the case before it. The Court thus believes that the punishment that the guidelines set forth is appropriate for this offense. The Court has considered the kinds of sentences and ranges that the guidelines establish, and the Court believes that a sentence at the low end of the guideline imprisonment range appropriately takes into account Maceda-Solano's criminal history. A sentence of 30 months adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully and effectively reflects each of the factors that 18 U.S.C. § 3553(a) embodies. While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Isidro Maceda-Solano's request for a downward variance to a sentence of 21 months in his Sentencing Memorandum Submitted on Behalf of Defendant Isidro Maceda-Solano, filed April 14, 2011 (Doc. 15), is denied. The Court sentences Maceda-Solano to

30 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Lynn Wei-Yu Wang.
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*


Phillip G Sapien
Sapien Law, LLC
Albuquerque, New Mexico

       *Attorney for the Defendant*